# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# OXFORD DIVISION

**ALEX DAVID KOCZKA**                                                                **PLAINTIFF**

**V.**                                                    **NO. 3:16CV00175-JMV**

**COMMISSIONER OF SOCIAL SECURITY**                                  **DEFENDANT**

## FINAL JUDGMENT

This cause is before the court on Plaintiff's complaint for judicial review of an unfavorable final decision of the Commissioner of the Social Security Administration denying a claim for a period of disability and disability insurance benefits and supplemental security income benefits. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit. The court, having reviewed the administrative record, the briefs of the parties, and the applicable law, and having heard oral argument, finds as follows:

Consistent with the court's ruling from the bench during a hearing held September 1, 2017, the court finds the ALJ's decision with respect to the period January 1, 2012, through April 30, 2014[1], is not supported by substantial evidence in the record. First, the ALJ's determination that the claimant's mental impairment was not severe is supported by only one state agency, non-examining physician opinion which, as it happens, conflicts with another state agency, non-examining physician opinion; the September 29, 2014, medical source statement ("MSS") of a treater; and the April 2013 opinions expressed by Paul S. Leonard,

---

[1] During the hearing counsel for Plaintiff conceded that records establish the claimant was working from the alleged onset date through 2011.

Ph.D. Indeed, the ALJ made no mention of either the 2014 MSS or Dr. Leonard's report, which indicates they were not considered. Nor did the ALJ resolve the apparent conflict between the two state agency physician opinions.

Second, the ALJ failed to properly consider certain opinions expressed in Dr. Bruce Randolph's April 2013 consultative examination report. The ALJ gave no reason whatsoever for her implicit rejection of Dr. Randolph's conclusion that the claimant could only "sit with intermittent standing and walking every 30 minutes as needed." Additionally, the ALJ concluded Dr. Randolph's assessment that the claimant could only occasionally bend, twist, and squat was inconsistent with treatment notes that indicated the claimant can perform "bending, twisting, and squatting as a landscaper." However, this generalized reason provided by the ALJ in no way undermines Dr. Randolph's more specific assessment regarding the frequency at which the claimant could perform said postural activities.

Third, the ALJ indicated she relied mainly upon Dr. Patel's MSS in setting the claimant's residual functional capacity ("RFC") for the period beginning May 1, 2014. This RFC, of course, rendered the claimant disabled, and this finding is not here disturbed. Nevertheless, considering that Dr. Patel's MSS clearly expresses that the medical opinions contained therein relate to the period October 1, 2013, through November 10, 2014, and the fact that the claimant's complaints and the objective findings made and medications prescribed by Dr. Patel are consistent from the beginning of his treatment of the claimant through the last date of treatment in the record, the disability onset date found by the ALJ appears to be quite arbitrary. And, ultimately, the ALJ gave no reasons for rejecting Dr. Patel's opinions with regard to the period he treated the claimant, prior to May 1, 2014.

On remand, the ALJ must reconsider the claimant's mental and physical impairments for the period January 1, 2012, through April 30, 2014. Particularly, the ALJ must consider all of the opinion evidence in the file and provide a detailed discussion of the weight assigned to each medical opinion. The ALJ must be careful to include a detailed discussion of the resolution of all conflicts in evidence. If necessary, the ALJ must seek the assistance of a medical advisor for a determination of whether the onset of disability occurred at an earlier date. The ALJ may conduct any additional proceedings which are necessary and not inconsistent with this order.

**IT IS, THEREFORE, ORDERED AND ADJUDGED that this case is REVERSED for the period January 1, 2012, through April 30, 2014, and REMANDED for further proceedings.**

This, the 5th day of September, 2017.

/s/ Jane M. Virden
U. S. MAGISTRATE JUDGE