IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

ALEX DAVID KOCZKA                                                                   PLAINTIFF

V.                                                                       NO. 3:16CV00175-JMV

COMMISSIONER OF SOCIAL SECURITY                                           DEFENDANT

## ORDER ON PETITION FOR ATTORNEY'S FEES

Before the court is Plaintiff's petition [25] for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). In these proceedings Plaintiff sought judicial review of the Social Security Commissioner's final decision denying a claim for benefits. By Judgment [23] dated September 5, 2017, this court remanded this case to the Commissioner for further proceedings. Plaintiff seeks attorney's fees in the amount of $5,764.50 for 30.5 hours of attorney time before this court at a rate of $189.00 per hour, along with travel expenses in the amount of $50.29, on the grounds that he was the prevailing party and the Commissioner's position was not "substantially justified."

The Equal Access to Justice Act provides for the award of court costs and attorney's fees to the "prevailing party" in a judicial review of agency action, unless the position of the United States was "substantially justified" or "special circumstances" would make an award unjust. 28 U.S.C. § 2412(d)(1)(A). A party who wins a remand order in a social security disability case is a "prevailing party" under the EAJA. *Rice v. Astrue,* 609 F.3d 831, 833–34 (5th Cir. 2010); *Baker v. Bowen,* 839 F.2d 1075, 1081 (5th Cir. 1988).

Here, of course, there is no dispute that Plaintiff was the prevailing party. And, the Acting Commissioner raises no special circumstances that would make an award of fees unjust.

However, the Acting Commissioner does argue that the total time expended by counsel was excessive. Specifically, it's the Acting Commissioner's position that time spent with regard to preparation of a motion for extension of time and receipt and review of the order granting that motion–totaling .3 of an hour–should not be allowed because the time spent on these items "did not advance the representation of Plaintiff."

The Acting Commissioner's objection is overruled. As an initial matter, the court notes counsel is one of a small number of attorneys in this district whose practice largely consists of social security cases, and he maintains a high caseload. *See, e.g., McClung v. Commissioner, Social Security Administration*, No. 2:13-cv-00143, 2015 WL 2197963, at * 3 (E.D. Tex. May 11, 2015) (finding request for fees for motion for extension reasonable where attorney was one of few who handled social security cases in the district and counsel maintained a large caseload). As such, motions for extensions of time in social security cases are typical in this district. Next, the docket reflects the Acting Commissioner did not contemporaneously object to the motion. And, there is no indication of undue delay. Finally, allowing payment for the subject time under the circumstances here will help ensure adequate representation for social security claimants. For these reasons, the court finds the request for fees in its entirety is reasonable.

**THEREFORE, IT IS ORDERED**:

That the Commissioner shall promptly pay to Plaintiff, for the benefit of his counsel, a total of $5,764.50 in attorney's fees plus $50.29 in travel expenses.

This, the 8th day of November, 2017.

/s/ Jane M. Virden
U. S. MAGISTRATE JUDGE